# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Reginald Burgess,

      Plaintiff

v.

RBEY Inc. et al.,

      Defendants

**2:16-cv-00625-JAD-GWF**

**Order Screening Complaint, Dismissing Case with Prejudice, and Denying all other Pending Motions**

[ECF Nos. 1, 3, 5, 7, 8, 9, 13, 16, 17, 19, 24, 25, 35, 36, 39, 40, 41]

      Pro se plaintiff Reginald Burgess is no stranger to litigation.  He has already earned himself vexatious-litigant status in the United States District Court for the Central District of California,[1] and he has generated 29 docket entries since he filed this case less than two months ago.[2]  Burgess sues a handful of defendants seeking to set aside a 2002 state-court judgment that declared his title to a Los Angeles residence void and to be declared the rightful owner of the property.[3]  Burgess has also submitted an application to proceed *in forma pauperis*.  I now screen Burgess's complaint under 28 USC § 1915(e), dismiss his complaint with prejudice for lack of subject-matter jurisdiction, deny all pending motions, and direct the Clerk to close this case.

---

[1] ECF 20-6 at 23.

[2] ECF No. 1 (application to proceed *in forma pauperis*); 2 (motion for appointment of counsel); 3 (motion for pro se litigant to file electronically); 4 (proposed summons); 5 (motion for ruling); 6 (certificate of interested parties); 7 (ex parte motion for order to show cause); 8 (ex parte motion for ruling); 9 (ex parte motion for order); 10 (declaration); 11 (withdrawal of motion for appointment of counsel); 12 (memorandum and notice of removal); 13 (renewed motion for appointment of counsel); 14 (proof of service); 16 (motion for entry of clerk's default); 17 (motion for entry of partial summary judgment); 21 (objection to verified petition); 23 (amendment); 24 (motion for entry of clerk's default); 25 (motion for entry of clerk's default); 26 (motion for sanctions); 32 (exhibits); 29 (proposed order); 30 (declaration); 34 (declaration); 35 (request to correct docket); 36 (motion to strike); 40 (request for judicial notice); 41 (motion for contempt).

[3] ECF No. 1-3.

**Background**

Though Burgess's filings are voluminous and difficult to understand, it appears that he is attempting to remove a case from California state court to this district because he believes that the California courts are biased against him and favor female attorneys.[4]  Although none of the defendants have been properly served, defendants RBEY Inc. and Title365 Company filed motions to remand this case back to the Superior Court of California.[5]  In support of its motion to remand, RBEY has filed a request for judicial notice of (1) the deeds and records relating to the L.A. residence from the Los Angeles County recorder's office and (2) the court records from Burgess's other lawsuits attempting to claim the L.A. residence.[6]  I will take judicial notice of the exhibits because they are matters of public record and their accuracy cannot reasonably be questioned.[7]

RBEY's exhibits show that Burgess has unsuccessfully litigated his claim of title to the L.A. residence for more than a decade in multiple courts, including the Los Angeles Superior Court, California Court of Appeal, United States Bankruptcy Court, United States District Court, and the Ninth Circuit Court of Appeals.  And Burgess currently has an identical case pending in Los Angeles County Superior Court.  Burgess filed this case and then filed a notice of removal in that L.A. County lawsuit indicating that the case had been removed to this district and listing this case number.[8]  Burgess has also filed a "memorandum and notice of removal" in this case that purports to

---

[4] Burgess claims that he cannot get a fair shake in California because "[t]he California supreme court is 4 females to 3 males and the Chief Justice is also female."  To be fair, "[p]laintiff is not saying all females are criminal minded," only that "the manner of many females way of thinking is NOT that which is conducive to logic legal things without regard to BIAS or emotion . . . ."  ECF No. 1-3 at ¶¶ 3.19, 3.20.

[5] ECF Nos. 19, 39.  Burgess filed a document titled "proof of service" to which he attached his notice of removal in the California Superior Court.  ECF No. 14.

[6] ECF No. 20.

[7] FED. R. EVID. 201(b).

[8] ECF No. 14 at 3.

1 remove his California case to this court.[9]

2     RBEY and Title365 are correct that the right of removal is vested exclusively in defendants.[10]

3 Thus, Burgess has no right to remove his state-court case to a federal court.  And even if Burgess

4 could remove his case to a federal court, it wouldn't be this one; the proper district would be the

5 district embracing the Los Angeles Superior Court—the Central District of California.[11]

6 Nonetheless, this case is not here on a petition for removal, so I deny RBEY and Title 365's motions

7 to remand,[12] and I instead screen Burgess's complaint as an action filed directly in this district.

8                                           **Discussion**

9 **A.      Screening standards under § 1915(e)**

10     Section 1915 governs proceedings *in forma pauperis* and directs a court to dismiss a case at

11 any time the court determines that the allegation of poverty is untrue or that the action is frivolous or

12 malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a

13 defendant who is immune from that relief.[13]  Pro se pleadings, of course, must be liberally

14 construed.[14]

15     Dismissal of a complaint for failure to state a claim upon which relief can be granted is

16 permitted by Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under

17 § 1915 when liberally reviewing the adequacy of a pro se complaint.  But when a court dismisses a

18 complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with

19 directions for curing its deficiencies, unless it is clear from the face of the complaint that the

20

21

22

---

23   [9] ECF No. 12.

24   [10] 28 USC § 1441(a).

25   [11] *Id.*

26   [12] ECF Nos. 19, 39.

27   [13] 28 USC § 1915(e)(2).

28   [14] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

1  deficiencies cannot be cured by amendment.[15]

2

**B.    Burgess's complaint must be dismissed under FRCP 12(b)(1) for lack of subject-matter**
3        **jurisdiction.**

4         At the outset, I note that Burgess's complaint is both malicious and frivolous.  It appears that

5  Burgess filed this suit or attempted to remove his California case to this court because he is unhappy

6  with how those proceedings are unfolding.  In his opposition to RBEY's motion to remand, Burgess

7  boldly asserts that "by March 22, 2016 it had become clear the State court was not going to honor"

8  his rights, so he removed the case to this court.[16]  Burgess has a habit of forum shopping; this is not

9  the first time that he has filed multiple proceedings as a litigation tactic to interfere with ongoing

10  state-court proceedings.[17]

11         In all of his lawsuits, Burgess appears to challenge an August 2002 Los Angeles Superior

12  Court probate order (issued following a four-day trial) that transferred legal title of the L.A.

13  residence to John Williams, as conservator of the Estate of George Williams, and declared that the

14  Quitclaim deeds purporting to convey title to Burgess were void.[18]  Burgess appears to believe that

15  he gained title to the residence through his later-filed bankruptcy proceeding in which he claimed a

16  homestead exemption.  The California Court of Appeals rejected that argument.[19]  Burgess alleges

17  that the California courts and defendants have repeatedly "ignored the bankruptcy discharge" that

18

19  [15] *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

20  [16] ECF No. 33 at 2.

21  [17] ECF No. 20-5, *In re Burgess*, 146 Fed. Appx. 921 (9th Cir. 2005) ("The record indicated [Burgess]
22  was utilizing bankruptcy petitions as a litigation tactic to interfere with ongoing state court
    proceedings."); *Id.*, *In re Burgess*, No. LA 04-09129 DDP, 2005 U.S. Dist. LEXIS 42099, at *6
23  (C.D. Cal. Jan. 14, 2005) ("In reaching [his] conclusion, Bankruptcy Judge Robles noted that 'it has
    been [Burgess's] history to move between state and bankruptcy court, using one forum when things
24  are not going favorably for him in the other.'  This is certainly true.  Ever since the issuance of the
    August 8, 2002 order by the probate court, the appellant has proven himself quite deft at initiating
25  proceedings in different forums to forestall the effect of that ruling.").

26  [18] ECF No. 20-6 (order).

27
    [19]  ECF No. 20-4, *In re Williams*, 2004 WL 909244, Case No. B161571 (Cal. Ct. App. Apr. 29,
28  2004).

1  returned the residence to him.[20]  He seeks an order declaring him the rightful owner (or at least 50%

2  owner) of the residence.[21]

3       I find that the *Rooker-Feldman* doctrine precludes me from considering Burgess's claims.

4  The *Rooker-Feldman* doctrine prohibits a federal district court from exercising subject-matter

5  jurisdiction over a suit that is a de facto appeal from a state court judgment.[22]  Throughout his

6  complaint, Burgess asserts legal errors by the California state courts and seeks relief from the 2002

7  probate court judgment.[23]  The California state courts have determined that Burgess has no interest in

8  the L.A. residence and that he did not gain an interest in the residence through filing for bankruptcy.

9  This court lacks jurisdiction to reconsider those judgments and to grant Burgess the relief he seeks,

10  and it lacks jurisdiction to review interlocutory orders in Burgess's currently pending California state

11  case.  Because this is a jurisdictional defect that cannot be cured by amendment, I dismiss Burgess's

12  complaint with prejudice and without leave to amend.

13  **Conclusion**

14       Accordingly, IT IS HEREBY ORDERED that this case is **DISMISSED with prejudice.**

15       IT IS FURTHER ORDERED that **RBEY and Title365 Company's motions to remand**

16  **[ECF No. 19, 39] are DENIED, and all other pending motions [ECF Nos. 1, 3, 5, 7, 8, 9, 13, 16,**

17  **17, 19, 24, 25, 35, 36, 40, 41] are DENIED as moot.**

18       The Clerk of Court is directed to CLOSE THIS CASE.

19       Dated this 16th day of May, 2016.

20  _____
Jennifer A. Dorsey
21  United States District Judge

22

23

[20] ECF No. 1-3 at 3.7–3.8.

[21] ECF No. 1-3 at 23.

[22] *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003).

[23] *See e.g.*, ECF No. 1-3 at 2 ("This is a . . . Collateral Attack on . . . [a] state court order used to seize bankruptcy estate property."); *id.* ("the order was void at issuance as the court made the order in complete excess of jurisdiction . . .").

Page 5 of 5